Good morning. The first argued case this morning is No. 14, 7137 Mulder v. McDonald, Mr. West. Thank you, Your Honor. Good morning, Your Honors. Opposing counsel, please to the court. My name is Travis West. I'm here from Milwaukee, Wisconsin on behalf of Mr. Donald Mulder in the case of Mulder v. McDonald. This case originally started out as a difference of opinion with respect to the interpretation of 38 U.S.C. 5313 between the Secretary of the VA and Mr. Mulder and now has become a bit more complex in that the Court of Appeals for Veterans Claims has set forth an interpretation of that statute that actually differs with the previous interpretations and the continuing interpretations of the parties involved. Specifically, I refer to page five of the lower court's opinion in which the court delineated four elements that the VA must establish before the VA Secretary is not just permitted but required to reduce the benefits of a veteran who has been incarcerated. The problem is that both the Secretary and Mr. Mulder agree that there is an excess component between the reason why the veteran is incarcerated and the conviction. I don't think the lower court really would disagree with that. I think the lower court said those things all have to exist but the by reason of or for also has to exist. I understand Your Honor's position. I would respectfully point Your Honor to the four elements that are delineated and actually enumerated as one through four at the top of page five. If you look at element number three, the lower court has actually removed the word for and inserted the word of which at least when read on its face appears to indicate that there is no longer a connection between that conviction and the reason why the particular individual is sitting in a penal institution. Now, I understand that the Secretary's counsel has attempted to massage that issue a bit in their brief but when we look at that particular language within the lower court's decision itself, that preposition is no longer present at least within the court's decision. Even if you think we need to fix that language, that doesn't solve your problem, does it? No, it's just one part of it, Your Honor. That's correct. The crux of the problem here is that there's no dispute that Mr. Mulder was convicted. He was convicted. The court accepted his plea in May of 2006. There's no dispute that he was sentenced a month later in June of 2006. The problem is that Mr. Mulder wasn't sitting in jail because of his conviction between the month of May and month of June. He was sitting in jail because he could not make bail under the Wisconsin bail statute, which is largely similar to the federal version that's been cited in both of the briefs. The government has argued that it's sufficient for a veteran to be sitting in jail or to be incarcerated based on that bail statute. Mr. Mulder has taken the position that the bail statute isn't sufficient because the specific language of the statute requires that the person who is – that the incarceration be for the felony conviction. In this case, under the bail statute, nobody knows whether the defendant is ever going to be incarcerated at all. The court has, depending upon the crime, any number of options available. Isn't it in fact true that once you're actually convicted of a crime that it's harder to make bail? That is true in most jurisdictions. I suppose I can't speak for all 50 states and the territories, but I can tell you from my experience in Wisconsin, it is generally more difficult to make bail once you have been convicted. Although, regardless of whether it's more difficult or not more difficult, the criteria that the court has to – is required constitutionally to rely upon don't change. In other words, bail during that time period, its purpose remains either to ensure the safety of the population or to ensure and or to ensure that the defendant is going to show up for the next proceeding, which in this case would be the sentencing hearing. But if in fact there is ultimately a sentence of incarceration, then all of that time is credited as if it were being served for the conviction, correct? That is true. The Wisconsin Supreme Court has declared that it constitutionally must be credited. That also brings Wisconsin in line with the model penal code. So you are correct, Your Honor, that that time would be credited. Although, that particular issue then gets into the question of whether the Secretary's decision to, in essence, penalize the veteran for part of the time that gets credited is arbitrary and capricious because the Secretary isn't arguing that the effective date of the reduction in benefits should go all the way back to the first instance in which the veteran was incarcerated, which in this case would have been in the summer of 2005 for Mr. Mulder. The Secretary is only saying we're going to penalize you, we're going to take away your benefits for a small portion of that or perhaps a large portion. Isn't it a fair distinction to say that there was no conviction at the point of the initial incarceration? That is correct, Your Honor, but the bail statute and the... I understand you want to focus on the bail statute, but we're here to focus on the relevant federal statute, which really talks about conviction. Correct. And so, I mean, that's why it's eminently reasonable to have the conviction date be the trigger date, not the date of incarceration. I mean, as soon as you're convicted, there's been an adjudication of guilt or innocence, and at that point in time, you are incarcerated as a result of your conviction. With all due respect, Your Honor, we disagree with that, largely because once you have been convicted, there is still a process under which the court has to determine if you're going to be incarcerated at all. The court could take any number of actions, and at that point, once the plea has been accepted, which is the date of conviction in this case, the court has, and constitutionally, is not permitted to have any idea as to what the ultimate outcome of the case might be. I don't know how we can get around, or you can get around, Wilson versus Gibson. I think, doesn't the logic of that opinion sort of strongly guide us toward a similar outcome here? I mean, there, this court said it defined the meaning of conviction as used in this particular statute, and said it doesn't say anything about conviction until all final appeals are exhausted. And likewise, the statute doesn't say conviction until there's an actual final sentence either. It just says conviction. And so, because the court there said, so the date of conviction is the trigger date for the 60-day time period, why wouldn't that likewise be the same outcome here? The distinction, I think, Your Honor, is that in Wilson, what the appellant was arguing was that the conviction has to be final in some sense. In other words, all the appeals have to be exhausted, and the habeas opportunities have to be exhausted, and we're not taking that position. We don't take the position that Mr. Mulder's conviction wasn't final within the meaning of Wilson. There's an additional problem with Wilson in that that addresses, in Wisconsin, we would call it discretionary bail that a defendant is entitled to after conviction. In other words, in Wisconsin, prior to the entry of the judgment of conviction and the imposition of the sentence, the court doesn't have discretion as to whether or not it's going to make a bail determination. The court has to. But if you're not arguing that the conviction doesn't have to be final, the statute, the federal statute, requires incarceration as well as conviction. And so what you're asking us to do is then is to qualify all of this, that if all of this happens because the incarceration was because Mr. Mulder wasn't able to make bail, but you're agreeing that the conviction was final. So I'm not sure I understand how you want to reinterpret the statute in a way that would avoid these specific words of both incarceration and conviction. Your Honor, we're not asking to reinterpret the statute. We're asking that the statute be read in its entirety. Correct, Your Honor. And the statute specifically says that those 61 days that the person has been incarcerated have to be for the conviction. It doesn't say that we can count time that the person was sitting in jail for other purposes, which is what happened in Mr. Mulder's case. He was sitting in jail because he was unable to make bail. He was not sitting in jail because of his conviction. All right. I agree with you that to determine whether or not a conviction occurred, you have to look at state law because that's what defines a conviction for purposes of what is a conviction. Correct. So accepting the proposition that we look at Wisconsin law to say was he convicted, you agree he was convicted. We agree, Your Honor. All right. But interpreting the federal statute, the language of the four, or to put it in a better way probably by reason of since we are talking about, as you say, a causal connection, why are we focusing on Wisconsin law for that point? Shouldn't that be a consistent interpretation of federal law that could apply across all states regardless of how their post-conviction bail statutes operate? Well, we have to look at the reason why he's sitting in jail for lack of a better explanation, Your Honor, because that's what the statute tells us to do. And if we look at the remainder of the statute, this isn't the only circumstance in which we have to look at whatever the relevant jurisdiction is doing. For example, the statute discusses and the code discusses and also the VA's own manual discusses that if the prisoner or the defendant who has become the prisoner is on a work release program, well, then the reduction in benefits isn't to apply. Well, every state has a different work release program, Your Honor, and every state has different requirements. For example, in Wisconsin, the work release program isn't going to be an eligibility for it, isn't necessarily going to be addressed in the judgment of conviction itself. It's going to be addressed by the Department of Corrections. So now, all of a sudden, we're looking at all sorts of bureaucratic issues that the statute contemplates and the VA's own code contemplates. But that's consistent with the whole purpose of the statute, is it not? I mean, whether or not you love legislative expressions of their desire, it's pretty clear here that the point of the statute was to say if you're incarcerated and you're getting, whether you like them or not, three meals a day and a roof over your head, that you shouldn't also get VA benefits to help with your subsistence. And that's why there would be exceptions that say if you're on work release, so you're not getting all that, then you can get your benefits. Correct, Your Honor, except that it's not just if you're incarcerated, but if you're incarcerated because of your felony. I mean, that's the specific language of, I'm using because of instead of for, because that's the language that's been agreed upon in the brief as this is what for means. But that's specifically what the statute says and what the code says. And if Congress had intended it to be differently, it could have drafted language that said, any time you're incarcerated, it counts towards the 60 days. But it didn't do that. It specifically put that preposition for or because of the felony conviction into the statute. And we think that Congress should be given the benefit of the doubt that it, not just we think, but the case law says Congress intends the words that it puts into the statute. And we can't just ignore them because it might be easier if we can point to a conviction date rather than having to figure out why the person is actually behind bars to begin with. All right, let's hear from the government and we'll save you rebuttal time. Thank you, Your Honor. Ms. Bond. May it please the Court. The reduction in benefits provision is triggered when a veteran is first incarcerated for conviction of a felony. Under this provision, Mr. Mulder was incarcerated for a conviction of a felony when he pled no contest to a felony charge on May 19th and was remanded to the county jail for that reason on the same day. The crux of Mr. Mulder's argument here today is that at that time, his incarceration was not for the conviction. But as Your Honor pointed out, at that time, he was convicted and the conviction provides the authorization for the incarceration. And so that provides the necessary causational link between the incarceration But he was incarcerated before the date of conviction, correct? That's correct. So it was the detention that provided the initial authorization for the incarceration and the inability to make bail, right? Well, we disagree that the bail statute itself is ever related to the underlying authorization for the incarceration. The bail statute is relevant to whether the individual is released and therefore no longer incarcerated. The authorization for the state to incarcerate Mr. Mulder before his conviction was the state's interest in preserving him and presenting him at trial. Upon his plea of no contest to the felony charge, that authorization no longer existed because there would be no trial. He had already been convicted. But individuals are freed on bail post-conviction in many, many circumstances, are they not? Correct. And if an individual is released on bail, then the statutory requirements for the reduction are not satisfied because that person is not incarcerated. So the bail statute does not break the chain of causation between incarceration and conviction, which as Your Honor noted, exists because of the conviction. The bail statute does not break that causational link. So what if there's a sentence of probation that ultimately occurs? Then he's never actually incarcerated for his conviction and he wouldn't get any credit for time served. In that instance, the veteran would not be sentenced to a term of imprisonment for the conviction. But that's different than saying that he's not incarcerated for the conviction. Incarceration is a broader term. And simply as the Veterans Court interpreted and this court affirmed in Wanlis, incarceration means confinement. And so here the statute requires confinement in a penal institution. And that exists, as Mr. Mulder's own case shows, that can exist when there's no outstanding sentence of imprisonment. So the fact that even assuming in a case that probation ultimately results and assuming, as is not the case here, that there's a period of greater than 60 days between the conviction and the sentencing, then the statute would appropriately apply during that intervening time. And I would also note that if Mr. Mulder had been sentenced only to probation, he would have been released before the 60-day lapse is satisfied. So he would never have had his benefits. But that's not always the case. I mean, very often it takes more than 60 days to get to sentencing. Even so, as we mentioned in our brief, under that analysis, the plain requirements of the statute are satisfied because the veteran is incarcerated for conviction of a felony. And it's consistent with the legislative intent to reduce the benefits during that period of time because as Congress essentially explained these dual requirements of conviction and incarceration, the conviction essentially provides a fault requirement and the incarceration is the state support requirement. And both of those requirements are satisfied even during a lengthy period between conviction and sentencing because during that period, the veteran is at fault, has been convicted of a felony, and the veteran is being supported by state dollars during a period of incarceration. So under your theory, just so that I understand, say we do have a veteran who has to wait 63 days for his conviction or 90 days, I mean, for his sentence, or 90 days or even 180 days, which is not unusual in a federal system, for instance. So during that period of time, his benefits are cut off. He then receives probation, so he's never actually imprisoned for the conviction. Are you saying that those benefits would not be able to be recaptured? Correct. Of course, the regulation provides that upon release, the veteran should notify the VA and is entitled to a resumption of benefits at that time. But the benefit would have been, in this hypothetical, if there was a 63-day period, for the two or three days after the 63-day period left, that reduction in benefits would be appropriate under the statute. And I think this confusion results from the attempt by Mr. Mulder to conflate incarceration with a sentence of imprisonment. And again, his own case demonstrates they're not the same. Not only was there the period of time between his conviction and the sentencing during which he was incarcerated for his conviction, but he was not serving an outstanding sentence of imprisonment. But his sentence was repeatedly vacated and reimposed. And so if Mr. Mulder were correct that the sentence is material or determinative in applying the reduction in benefits provision, it would introduce serious complications with regard to each time the sentence is vacated and reimposed that are inconsistent with the plain language of the statute, which focuses on conviction and incarceration. It would be inconsistent with Congress' focus on the false aspect of conviction and the state support aspect of incarceration. And it would introduce unnecessary complications in the VA's administration of this provision. Are you saying the plain language of the statute is that on the same set of facts and the conviction, that if he had been able to provide bail after the conviction, there would have been no reduction in benefits? No. If Mr. Mulder had been released on bail after the conviction, there would not have been a reduction in benefits during that period because he would not be supported by state dollars. He would not be incarcerated during that period. But as Your Honors have pointed out, this doesn't introduce any unfairness in application of the reduction in benefits provision because of the credit for time served statute. So someone who is granted bail, someone who is denied bail ultimately would not serve a longer sentence of imprisonment than someone who is granted bail. Except that in one case he would receive the benefits and in the other he wouldn't, although there would have been no other change in his circumstances as far as the conviction was concerned. Well, Your Honor, in both cases, Veteran A who was granted bail, Veteran B who was denied bail, both individuals would ultimately have their benefits reduced assuming that they are sentenced to a period of imprisonment. And the veteran... When the reduction begins. Correct. The veteran who is denied bail would have an earlier reduction in benefits but also a correspondingly earlier resumption in benefits. But that's all that's requested here is that earlier period. Isn't that right? I understand Mr. Mulder to be arguing that the VA was not entitled to reduce the benefits until the date of his sentencing. And I understand him also to be arguing that when the sentence was vacated and reimposed, that that was somehow material to the reduction, that he was entitled to a resumption of benefits during that period. So I don't think... The difference is that Mr. Mulder, in fact, did benefit from the credit for time served statute. So if he can simultaneously delay the resumption of... If he can simultaneously delay the reduction in benefits until sentencing and benefit from the credit for time served statute, it would... There's really no need for that... There's no need for that interpretation. And it's not consistent with the plain language of the statute which requires a focus on incarceration for conviction. You don't really expect us to base our decision on Skidmore deference to the VA counsel's opinion, do you? Well, as a preliminary matter, there's no need to reach that because the statutory language is clear and... I mean, that's the whole point, right? I mean, if the statutory language is clear, there's no basis to even consider Skidmore deference. So I don't know why the VA, the Veterans Court did it and I don't know why you're arguing that we should do it. Well, the plain language of the statute... It's either clear or it's not. Well, it is plain, but additional support is always helpful. Just because a government lawyer agrees with your position doesn't mean we're supposed to give it deference. It's not merely a government attorney stating an opinion. It is statutorily prescribed that the board must follow general counsel precedent decisions. The Veterans Court is not bound by them, but the board is bound by these general counsel decisions. But that's not a Skidmore deference point. I mean, the Veterans Court is saying... They look at opinion that says the statute is unambiguous and they say, because we think the statute's unambiguous and this guy agrees with us, we're going to say he's persuasive and get Skidmore deference. That doesn't even make sense. I interpret the Veterans Court decision to be saying to the extent there is ambiguity, it's appropriate to consider this VA precedent decision. And in our brief, we focus more on the fact that after this VA precedent decision, Congress, which can be presumed to be aware of agency interpretations of the statute, codified clarifying changes to the statute while leaving intact the conviction for a felony language. So in that sense... Congressional ratification based on agency interpretations is a big stretch, is it not? I mean, the Supreme Court has repeatedly said that even congressional ratification based on appellate court decisions is rarely appropriate. This court has said... The term that's used in cases like Lori Lard and San Juan and a more recent decision by this court in GPX, the term they used is presumed. So it is appropriate as an additional canon of statutory interpretation to rely on this legislative history. And although certainly no canon of statutory interpretation is given effect in every single case, it doesn't alter the fact that this canon is an appropriate support here in interpreting this statute. And on what basis was the statute amended? It was amended actually in very close proximity to another VA precedent decision regarding the meaning of penal institution... incarcerated in a penal institution. It was... The statute was clarified to ensure that private prisons in states were included in the reduction benefits provision. Your ratification theory rests on the view that the VA General Counsel's opinion letter of 2005 was so openly notorious that Congress certainly must have known of it when it amended the statute. Is that the ratification theory? Because... Yes, in short, yes. The Congress... But to cut to the short, this is your back-up, back-up argument. Precisely, yes. So, you know, if we agree that the statute is clear and that Wilson v. Gibson tells us what we need to know about this statute and how it operates, then we don't get there. Precisely. Okay. Now, to sum up Mr. Mulder's position as I understand it, he is saying the time period between his guilty plea and the actual sentence, his physical detainment, his incarceration, can't be solely said to be due to the guilty plea. You know, because there are plenty of instances, as Judge O'Malley pointed out earlier, that you can, you know, be convicted and yet still be free on bail. And so there's something else aside from just the conviction that's holding this person in jail. And so, therefore, it cannot be said on his facts that he is incarcerated during that period of time because of the conviction. So, to sum up, what's your response to that? The statute doesn't require that the conviction be a but-for cause. It requires a causational link between the incarceration and the conviction. And here, because the conviction authorizes the incarceration, that satisfies. The bail statute cannot be determinative here because that would require a different outcome in Wilson. Bail remains available pending appeal and, in some cases, pending post-conviction review. And yet, the court in Wilson held that the statute is triggered before that time. So, if this court were to hold that bail is determinative and breaks the causational link between incarceration and conviction, that would require a different outcome in Wilson. For these reasons, plus the reasons stated in the brief, we respectfully request that this court affirm the decision of the Veterans Court. Thank you, Ms. Bond. Mr. West. Thank you, Your Honor. There were two issues that I wanted to briefly address in response to the government's argument. The first one was that there was a discussion regarding Mr. Mulder's arguments in his brief about what happened after he had been convicted and the fact that there had been various actions taken by the appellate courts to vacate and reimpose or do other things to his sentence. And the reason why those arguments are included in the brief was for the purpose of pointing out that the government hadn't complied with this court's decision in Robinson to develop claims that were raised by the record. And that's important here because the government has essentially taken the position that once a veteran is convicted, nothing else really matters. And in this case, why that's significant is that we have no idea, based on the record, what happened to Mr. Mulder's case during all of those appeals and the vacating and reimposing. Well, it's undisputed that the conviction was never set aside. Correct, Your Honor, but the conviction is only one part of what's required by the statute. He's got to be sitting in a penal institution because of that conviction, and we don't know when he, based on the record at least, I can tell you now he is out because it's been so many years, but we don't know whether the court changed, keep in mind that sentencing doesn't just mean sending somebody to a penal institution for incarceration. Sentencing can also include things like work release. It can include things like probation. It can include things like fining an individual. So the VA, those arguments are set in the brief in order to illustrate the fact that it is important to know why somebody is sitting in prison because that's what the statute requires. So are you arguing that in each instance in which his sentence was set aside, that during the period of time in which it was set aside and before it was reimposed, that he was supposed to get his benefits restarted? No, we're not arguing that, Your Honor. The reason why those instances were initially included within the briefing was because it was intended to show that there wasn't compliance with the duty to infer as set forth by this court in Robinson. They are also indicative of the fact that the VA in the lower court has taken a position that the sentencing component of the statute, not the sentencing component, but for the reason why he is sitting in prison is no longer significant. But none of those facts, such as work relief, apply here. What I hear you saying is that perhaps our ruling needs to be narrowly tailored or not overly broad to cover circumstances that aren't here. But as far as Mr. Mulder is concerned, none of this was present. The point being, Your Honor, is that we don't know whether they're here or not because the VA never complied with its obligation. We know he was incarcerated throughout this period. We know that he was incarcerated throughout this period. That's known. That's not disputed. And so such exceptions, such as work relief, could not have been present. We know that he was incarcerated through 2008, Your Honor. The record is silent with respect to anything that happened after that. I would think that if he were not in a penal institution, there would have been an obligation on the part of one side or the other to tell us, either that the 61 days were met or something else. I don't see any such issue raised. We agree, Your Honor, that it would have been the obligation of a party to tell us. And the record shows, and it's cited in the brief, and the copies are included in the joint appendix, that Mr. Mulder attempted to tell the VA on at least 10 different occasions that there had been a modification to his sentence. And the VA didn't act as it should have under the Robinson Act. They never tried to say that he was not incarcerated in that period. I believe you're correct. I don't think that he got that specific, Your Honor. Okay. Any more questions? Any other questions? All right. Thank you both. The case is taken under submission.